**David S. Makara, Esquire**
**Atty. I.D. No. 78241**
**Davis & Bucco, P.C.**
**909 North Bethlehem Pike**
**Suite 200**
**P.O. Box 785**
**Spring House, PA 19477**
**(215) 540-9050**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY SLEMMER, JACK W. KUHNS, SR.: and JOSHUA W. KUHNS | : | CIVIL ACTION - LAW |
| Plaintiffs | : | NO.   02-4349 |
| v. | : | |
| MCCARTHY MASONRY & CONCRETE, INC., JAMES MCCARTHY and ALICE MCCARTHY | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MCCARTHY MASONRY & CONCRETE, INC., AND JAMES MCCARTHY

Defendants, McCarthy Masonry & Concrete, Inc., James McCarthy and Alice McCarthy, by and through their counsel, Davis & Bucco, P.C., hereby respond to the Plaintiffs' Complaint as follows:

1. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by the Defendants.

2. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by the Defendants.

3. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

4. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form an opinion as to the truth or falsity of this allegation and strict proof thereof is demanded at trial if relevant.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

10. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

11. Admitted in part and denied in part. Defendants admit that James McCarthy is an individual with an office located at 740 East Cherry Road, Quakertown, Pennsylvania. It is further admitted that James McCarthy is an officer and shareholder of McCarthy Masonry and that James McCarthy is the plan administrator of the McCarthy Savings Plan. The remaining allegations of this paragraph of Plaintiffs' Complaint constitute conclusion of law to which no response is required by Defendants.

12. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

13. Denied. Defendants specifically deny that Alice McCarthy is an officer and shareholder of McCarthy Masonry & Concrete, Inc., and strict proof thereof is demanded at trial

if relevant.

14. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

## FACTUAL BACKGROUND

15. Admitted.

16. Admitted.

17. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

18. Admitted.

19. Denied. Defendants specifically deny they "induced" employees to take any action and strict proof thereof is demanded at trial if relevant. With regard to the remaining allegations of Plaintiffs' Complaint, these allegations constitute conclusions of law to which no response is required by Defendants.

20. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form an opinion as to the truth or falsity of this allegation and strict proof thereof is demanded at trial if relevant.

21. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form an opinion as to the truth or falsity of this allegation and strict proof thereof is demanded at trial if relevant.

22. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

23. (a-c) These allegations of Plaintiffs' Complaint constitute conclusions of law to

which no response is required by Defendants.

24. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

25. Denied. McCarthy Masonry and James McCarthy specifically deny they failed to make the contributions and strict proof thereof is demanded at trial if relevant.

26. Denied. Defendants specifically deny James McCarthy charged the McCarthy Savings Plan and its participants a one and one-half percent administrative charge and strict proof thereof is demanded at trial if relevant.

27. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants. By way of further answer, Defendants have made all payments due employees of McCarthy Masonry.

28. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

29. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

### COUNT I - PROHIBITED TRANSACTION - ERISA
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

30. Defendants hereby incorporate paragraphs 1 through and including 29 of their Answer with Affirmative Defenses as though fully set forth herein.

31. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

32. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to

which no response is required by Defendants.

33.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

34.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

35.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

36.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

37.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

38.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

39.   Denied.  This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

40.   Denied.  McCarthy Masonry and James McCarthy specifically deny Plaintiffs have been damaged or adversely affected by the alleged transaction and strict proof thereof is hereby demanded at trial if relevant.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., James McCarthy and Alice C. McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

## COUNT II - BREACH OF FIDUCIARY DUTY
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

41. Defendants hereby incorporate paragraphs 1 through and including 40 of their Answer with Affirmative Defenses as though fully set forth herein.

42. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

43. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

44. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

45. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., James McCarthy and Alice C. McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

## COUNT III - SAVINGS PLAN BREACH
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

46. Defendants hereby incorporate paragraphs 1 through and including 45 of their Answer with Affirmative Defenses as though fully set forth herein.

47. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

48. Denied. Defendants specifically deny McCarthy Masonry failed to make timely and complete deposits and strict proof thereof is demanded at trial if relevant. By way of further answer, McCarthy Masonry, at all times relevant hereto, made timely and complete deposits to the accounts of its employees.

49. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., James McCarthy and Alice C. McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

### COUNT IV - BREACH OF FIDUCIARY DUTY
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

50. Defendants hereby incorporate paragraphs 1 through and including 49 of their Answer with Affirmative Defenses as though fully set forth herein.

51. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., James McCarthy and Alice C. McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

## COUNT V - BREACH OF EMPLOYMENT CONTRACTS
## PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

52. Defendants hereby incorporate paragraphs 1 through and including 51 of their Answer with Affirmative Defenses as though fully set forth herein.

53. Admitted in part and denied in part. McCarthy Masonry admits undertaking to provide its employees with wages, pension and other benefits. Defendants James McCarthy and Alice C. McCarthy specifically entering into any employment relationship with the Plaintiffs and strict proof thereof is demanded at trial if relevant. Defendants specifically deny entering into any employment contract with Plaintiffs and strict proof thereof is demanded at trial.

54. (a-b) Denied. McCarthy Masonry specifically denies it failed to make payment of wages or to fund the plan and strict proof thereof is demanded at trial if relevant. By way of further answer, McCarthy Masonry made all required payment of wages and contributions to the plan.

55. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., James McCarthy and Alice C. McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

## COUNT VI - CONVERSION
## PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

56. Defendants hereby incorporate paragraphs 1 through and including 55 of their Answer with Affirmative Defenses as though fully set forth herein.

57. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

58. Denied. McCarthy Masonry and James McCarthy specifically deny receiving any monies which did not belong to them and strict proof thereof is demanded at trial if relevant.

59. Denied. McCarthy Masonry and James McCarthy specifically deny receiving any assets of the Plaintiffs or converting such assets to their own use and strict proof thereof is demanded at trial if relevant.

60. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by Defendants.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., James McCarthy and Alice C. McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

### COUNT VII - CONSTRUCTIVE TRUST
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

61. Defendants hereby incorporate paragraphs 1 through and including 60 of their Answer with Affirmative Defenses as though fully set forth herein.

62. Denied. McCarthy Masonry and James McCarthy specifically deny they improperly obtained possession of assets of the McCarthy Masonry Savings Plan and strict proof thereof is demanded at trial. The remaining allegations of this paragraph of Plaintiffs' Complaint

constitute conclusions of law to which no response is required by McCarthy Masonry and James McCarthy.

63. Denied. McCarthy Masonry and James McCarthy specifically deny the assets of the McCarthy Masonry Savings Plan are traceable into the hands of McCarthy Masonry or James McCarthy and strict proof thereof is demanded at trial.

64. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by McCarthy Masonry and James McCarthy.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., and James McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

### COUNT VIII - MISREPRESENTATION
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

65. Defendants hereby incorporate paragraphs 1 through and including 64 of their Answer with Affirmative Defenses as though fully set forth herein.

66. Denied. McCarthy Masonry and James McCarthy specifically deny they misrepresented the terms of employment to Plaintiffs and strict proof thereof is demanded at trial if relevant.

67. Denied. McCarthy Masonry and James McCarthy specifically deny making any false statements or omitting material items of fact and strict proof thereof is demanded at trial if

relevant.

68. Denied. McCarthy Masonry and James McCarthy specifically deny Plaintiffs relied upon any statements or representations made by McCarthy Masonry or James McCarthy and strict proof thereof is demanded at trial.

69. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by McCarthy Masonry and James McCarthy.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., and James McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

### COUNT IX - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### PLAINTIFFS V. MCCARTHY MASONRY, INC., AND JAMES MCCARTHY

70. Defendants hereby incorporate paragraphs 1 through and including 69 of their Answer with Affirmative Defenses as though fully set forth herein.

71. Denied. This allegation of Plaintiffs' Complaint constitutes a conclusion of law to which no response is required by McCarthy Masonry and James McCarthy.

72. Denied. McCarthy Masonry and James McCarthy specifically deny they deducted one and one-half hours per week from all employees' pay checks and strict proof thereof is demanded at trial if relevant.

73. Denied. After reasonable investigation, McCarthy Masonry and James McCarthy are without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations of this paragraph of Plaintiff's Complaint and strict proof thereof is demanded at trial if relevant.

74. Denied. After reasonable investigation, McCarthy Masonry and James McCarthy are without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations of this paragraph of Plaintiff's Complaint and strict proof thereof is demanded at trial if relevant.

WHEREFORE, Defendants McCarthy Masonry & Concrete, Inc., and James McCarthy respectfully request the Court enter judgment in their favor and against Plaintiffs Troy Slemmer, Jack W. Kuhns, Sr., and Joshua W. Kuhns on the claims set forth in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the doctrine of payment.

2. Plaintiffs' claims are barred by the doctrine of waiver.

3. Defendants have made all contributions required by law to the savings plan.

4. Defendants have conformed with all requirements in administering the savings plan.

5. Plaintiffs are not entitled to any payment or benefits beyond that which they have previously received under the savings plan.

6. Defendant Alice C. McCarthy is not an officer, director or shareholder of McCarthy Masonry & Concrete, Inc.

7. Defendant Alice C. McCarthy was in no way involved in the payment of wages to employees by McCarthy Masonry & Concrete, Inc.

8. Defendant Alice C. McCarthy was in no way involved in the administration of the employee benefit funds of McCarthy Masonry & Concrete, Inc.

9. Plaintiffs have no claims against Defendant Alice C. McCarthy.

> Davis & Bucco, P.C.
> Attorneys for Defendants
> McCarthy Masonry & Concrete, Inc.,
> James McCarthy and Alice C. McCarthy
>
> _____
> David S. Makara, Esquire